IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 APR 28 PM 2:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

MELVIN JOSEPH VINSON, JR.,          )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  )   CV 03-PWG-0481-S
                                     )
JEFFERSON COUNTY JAIL                )
PERSONNEL and NURSE GREENE,          )
                                     )
          Defendants.                )

ENTERED
APR 28 2003

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on April 11, 2003, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on April 17, 2003.

Plaintiff maintains that he has no way of finding out specifically who was responsible for the wrongdoing about which he complains and states, "after checking the dates of my incarceration in B'ham Jail on the night of my mishape the 3rd shift guards name could be obtained." Even if the court were to order the jail to provide a list of everyone working on the third shift the night plaintiff fell, that would only tell plaintiff who was working, not who failed to respond to his request for help.

As to his complaint against Nurse Greene, plaintiff has not alleged that Nurse Greene was personally involved in the incident about which he complains. Plaintiff simply attempts to implicate Nurse Greene through the concept of *respondeat superior* by saying that she was in charge of the nurse's station. However, "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (*citing Monell v. Department of Social Services*, 436 U.S.

10

658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Braddy v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 802 (11th Cir. 1998). Supervisory personnel may be held accountable for the constitutional violations of their subordinates upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). Absent some allegation that Nurse Greene knew of, sanctioned, participated in or was otherwise "affirmatively link[ed]" to the acts here complained of, the claim against defendant Greene is insufficient to state a cause of action under 42 U.S.C. § 1983.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 29th day of April, 2003.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE